**RANDALL PARK JOCKEY CLUB, INC.,**
Plaintiff-Appellant,

v.

**AUTOMATIC TOTALISATORS (U. S. A.),**
Limited, Defendant-Appellee.

*No. 14047.*

United States Court of Appeals
Sixth Circuit.

Oct. 17, 1960.

William F. Snyder, Marshman, Hollington & Steadman, Cleveland, Ohio, for appellant.

J. Hall Kellogg, Cleveland, Ohio (Herbert J. Hoppe, Jr., Hauxhurst, Sharp, Cull & Kellogg, Cleveland, Ohio, and John J. Morris, Jr., Morris, James, Hitchens & Williams, Wilmington, Del., on the brief), for appellee.

Before MARTIN, MILLER and WEICK, Circuit Judges.

PER CURIAM.

This case came on to be heard on the appeal of the plaintiff from an order granting the motion of defendant for summary judgment in an action for breach of contract covering the use of pari-mutuel equipment in the horse-racing establishment set up in Cleveland, Ohio, known as Randall Park.

Both parties herein moved for summary judgment; whereupon, in a succinct memorandum opinion analyzing the case, United States District Judge Paul Jones decided that no binding contract had ever been signed, although the purported terms of a contract had been put in writing, making it at most an oral contract barred by the statute of frauds because not signed by the the parties to be charged.

The defendant-appellee urged that the assignor of the plaintiff-appellant, never having accepted the contract although it had operated under the terms of it for two years, had not even been bound to an oral contract. But the plaintiff insisted that a letter from the defendant to the proposed purchasers of the assets of the Randall Park Jockey Club amounted to an acknowledgment of an existing contract.

The district court ruled that even if the ambiguous language of the letters indicated a willingness by the defendant to abide by the written, but unsigned, agreement, the plaintiff must still show complete agreement as to the contract, which it was unable to do. The court found that the assignor of the plaintiff had not consented to the terms of the unsigned agreement; and that, therefore, there was never a contract. Support for this view was found from the entire correspondence in the case. It was pointed out that the defendant merely expressed willingness to negotiate an agreement with the purchasing group for a five-year period, beginning in 1957.

In submitting the case to the court on motion for summary judgment, the plaintiff-appellant in no wise indicated that any proof was essential to establishment of any proposition of fact to be proved by it.

In the circumstances of the case, we are of opinion that the judgment of the United States District Court should be affirmed; and it is so ordered.